**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KLEIBER MORALES AURRECOECHEA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **J.L. JAMISON, Acting Field Office Director** | : | |
| **JOHN E. RIFE, Secretary MARKWAYNE** | : | |
| **MULLIN, Acting Attorney General TODD** | : | |
| **BLANCHE, EXECUTIVE OFFICE OF** | : | |
| **IMMIGRATION REVIEW, U.S. DEPARTMENT** | : | |
| **OF HOMELAND SECURITY** | : | **NO. 26-5002** |

**ORDER**

**NOW**, this 27th day of July, 2026, upon consideration of Petitioner Kleiber Morales Aurrecoechea's Verified Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1. Morales Aurrecoechea is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Morales Aurrecoechea from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **6:00 P.M. E.T.**, on **July 27, 2026**.

3. The government shall return all personal belongings confiscated from Morales Aurrecoechea upon his detention, including identification documents.

4. The government is temporarily enjoined from re-detaining Morales Aurrecoechea for seven days following his release from custody.

5.      If the government pursues re-detention of Morales Aurrecoechea, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6.      The government shall not remove, transfer, or otherwise facilitate the removal of Morales Aurrecoechea from the Eastern District of Pennsylvania prior to the ordered bond hearing.

7.      If the immigration judge determines Morales Aurrecoechea is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Morales Aurrecoechea if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania.   That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

---

[1] Morales Aurrecoechea, a citizen of Venezuela, entered the United States at the U.S.-Mexico border in September 2022. *See* Verified Pet. for Writ of Habeas Corpus ["Pet."] ¶ 19, ECF No. 1.  Upon entry, the Department of Homeland Security ("DHS") detained and processed him and released him on parole. *Id.* ¶ 20.  He has since resided with his mother in Allentown, Pennsylvania. *Id.* ¶¶ 18–19.  He filed a timely application for asylum that remains pending, and has complied with all conditions of his parole. *Id.* ¶¶ 22–23.  The government has indicated he has no known criminal history. *See* Respondents' Resp. to Pet. for Writ of Habeas Corpus ["Resp."] 2, ECF No. 4.

On or about July 17, 2026, while attending a scheduled check-in with Immigration and Customs Enforcement ("ICE"), Morales Aurrecoechea was taken into custody with no prior notice or opportunity to contest his detention.  Pet. ¶ 24.  DHS has since detained him at the Philadelphia Federal Detention Center. *Id.* ¶ 26.   The government has denied him the opportunity for a hearing conducted by a neutral decisionmaker to determine whether his detention is warranted based on danger or flight risk. *See id.* ¶ 25; Resp. 1–2. It contends detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2). *See id.*

Section 1225(b)(2) does not apply to individuals like Morales Aurrecoechea, who are not actively trying to enter the country, but have been living here for an extended period. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025). The provision that applies to Morales Aurrecoechea is 8 U.S.C. § 1226(a).  That provision mandates a hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d). We have held in nearly identical cases where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See, e.g., Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.